DROWN v. WHITE RIVER LEVEE DISTRICT.

Opinion delivered April 21, 1930.

*Emmet Vaughan,* for appellant.
*Ross Mathis,* for appellee.

HUMPHREYS, J. Appellant brought suit against appellee in the circuit court of Woodruff County, Southern District, to recover $5,802.12 for the alleged breach of a contract awarded to him by it for repairing two crevasses in a levee. The written contract was made the basis of the suit, and it was alleged that, after the execution thereof on the 29th day of March, 1927, and after filing a bond in the sum of $10,000 for the faithful performance thereof, and after equipping himself and making every preparation to perform same, appellee refused to allow him to do the work, although he was always able, ready and willing to comply with the contract.

Appellee filed an answer denying that appellant was ready, willing and able to comply with his contract, but, on the contrary, was unable to do so on account of the floods occurring in the spring following the date of the execution of the contract; and also denying that it breached the contract, or that appellant could have made any profit in the performance of same at the price he agreed to do the work, had he not been prevented from performing the contract by an act of God.

Appellant filed a demurrer to that part of the answer interposing the defense that he was prevented from carrying out the contract by an act of God, which was overruled by the court over his objection and exception.

When the cause was called for trial, appellee filed a motion for a continuance on the ground that one of its witnesses, R. A. Latimer, who was its engineer in charge of the work, was sick and temporarily absent from the State, setting out in the motion what he would swear if present. The record reflects that the trial court announced that he would grant the continuance unless ap-

pellant should agree that the absent witness would testify, if present, to the matters and facts set out in the motion. Without objecting and excepting to the action of the court, appellant then agreed that the absent witness would testify, if present, to the matters and facts set out in the motion, whereupon the cause proceeded to trial upon the pleadings, testimony and instructions of the court with the result that a verdict was returned for appellee, and a judgment rendered in accordance with the verdict, from which is this appeal.

Appellant contends for a reversal of the judgment because the trial court abused its discretion in ruling favorably upon the motion for a continuance, for the alleged reason that same did not comply with the requirements of § 1270 of Crawford & Moses' Digest relative to the continuance of causes. We deem it unnecessary to pass upon the alleged insufficiency of the motion, as appellant did not object or except to the ruling of the court, but, without doing so, agreed that if the absent witness were present he would testify to the matters and facts set forth in the motion. This estopped him from raising on appeal, for the first time, objections to the form and substance of the motion.

Appellant also contends for a reversal of the judgment because the trial court overruled his demurrer to that part of the answer interposing the defense that he was prevented from performing the contract on account of the spring floods. The demurrer was properly overruled. One who is prevented from performing a contract himself by an act of God cannot recover the loss of profits thereto, growing out of his failure to do so, from the other party upon the theory that the other party breached the contract by not allowing him to perform same.

Appellant also contends for a reversal of the judgment upon the ground that the undisputed testimony reflects that his failure to perform the contract was due to the refusal of appellee to set stakes and allow him

to perform same, and not to the spring floods; and that by reason of the breach he was damaged in the sum claimed. It is admitted that the jury was correctly instructed as to the law applicable to the facts, but the argument is made that the jury ignored the declarations of law, peremptory in their nature, and rendered a verdict contrary to the law and facts. This argument is based upon the erroneous theory that the undisputed testimony showed that appellant was prevented from performing his contract by the refusal of appellee to allow him to do the work, whereas there is substantial testimony in the record tending to show that destructive floods on White River occurred soon after the execution of the contract that produced nineteen crevasses in the levee in addition to the two that were to be repaired by appellant under the contract, and that the two were greatly enlarged; that the destruction to the levee by the floods was so great that it had to be relocated entirely at places, and that it was not possible to rebuild those portions of the levee that were to be repaired under the contract with appellant. This testimony is substantial in nature and sufficient to support the verdict and judgment. This court said in the case of *Arlington Hotel Co.* v. *Rector,* 124 Ark. 90, 186 S. W. 622, that: ''It is a well settled principle in the interpretation of contracts that where parties contract for a service that is purely personal, or with reference to the continued existence of some particular thing constituting the subject-matter of the contract, if the person dies or the thing ceases to exist, then the performance of the contract will be excused because impossible.''

Appellant also contends for a reversal of the judgment, because the court admitted incompetent testimony relative to the issue of whether he would have made any profit out of the contract if permitted to perform same. We deem it unnecessary to pass upon the admissibility of the evidence relative to this point, as there is substantial evidence in the record to support the verdict

and judgment upon the theory that appellant himself was prevented from performing the contract by an act of God. Every presumption must be indulged in favor of the verdict and judgment, and, as there is nothing in the record to show that the verdict and judgment were based upon the latter issue, we must presume that the jury based it upon the former issue.

No error appearing, the judgment is affirmed.